Rakoff, J

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIFTH GENERATION COMPUTER CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant. | Case No. 1:09-cv-2439 (JSR) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-11-09

## STIPULATED PROTECTIVE ORDER

All the parties to this action having requested that the Court issue a protective order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case pursuant to Fed. R. Civ. P. 26(c), and to guard against the waiver of attorney-client privilege and work product protection pursuant to Fed. R. Evid. 502(d), the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is

1

designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" only such portion of such material that the producing person believes in good faith constitutes, reflects or discloses that party's or a third party's confidential or proprietary information and is not publicly known or available, and consists of:

(a) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) material relating to ownership or control of any non-public company;

(c) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) business plans, product development information, or marketing plans;

(d) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) research or development information relating to commercial products;

(e) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) production and manufacturing cost information;

(f) trade secrets, as defined by the Uniform Trade Secrets Act;

(g) previously nondisclosed (or disclosed under a nondisclosure agreement or expectation of confidentiality) research or development information relating to products that are not yet commercially available;

(h) customer lists and competitive market information.

(i) any information of a personal or intimate nature regarding any individual; or

(j) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts, the producing person or that person's counsel may designate such portion as Confidential by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts, information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30 that discloses information deemed in good faith to be Confidential, as that term is defined in paragraph 2, shall be so identified during the deposition or by notifying counsel of record in writing of the designation within five (5) business days from receipt of the transcript. Until the five (5) business day period has run, the deposition transcript shall be treated as Confidential. Regardless of any confidentiality designation of portions of a deposition transcript, deposition exhibits will retain their original confidentiality designation unless modified under the terms of this Order. If the deponent or any party to this action designates a portion of the deposition as Confidential on the record during the deposition, the designating party shall have the right to have all persons not permitted access by this Order excluded from that portion of the deposition, before the taking of testimony which has been designated as Confidential.

4a. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

b. A party shall not be obligated to challenge the propriety of any designation of Confidential Discovery Material at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this action disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the producing person. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court after a seven day period. The burden of proving that information has been properly designated is on the producing person.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) counsel of record in this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) any independent expert retained by a party who is not regularly employed by any party and whose advice and consultations are being or will be used by a party in connection with preparation for trial or trial of this action; provided, however, that such information shall not be disclosed to any independent expert until that person has executed a copy of the Non-Disclosure Agreement (attached as Exhibit A) acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms, and

(i) The name and address, employer, a brief summary of the academic and work background of any such independent expert, and a fully executed copy of the Non-Disclosure Agreement by the proposed expert, shall be furnished to and received by the attorneys for the party which has designated the information, documents or things Confidential at least five (5) business days before access to the Confidential Discovery Material is given to such expert; and

(ii) If the party receiving notification under paragraph 5(c)(i), within five (5) business days of notification, serves a written objection to such access and states with particularity the grounds of the objection. and if agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling; and

(iii) In the event there is no objection pursuant to paragraph 5(c)(ii), or if such objection has been resolved to the satisfaction of all Parties or by a Court order directing access of the expert, the Confidential Discovery Material may be disclosed to such expert(s); and

(iv) Nothing in this protective order shall be construed as requiring either party to disclose the identity of any independent experts that party does not intend to call as an expert witnesses, provided however that such non-testifying experts shall not have access to the opposing party's Confidential Discovery Material, except after compliance with the terms and provisions of this paragraph.

    (d) employees of third-party companies involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data, (ii) designing simulations, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, (iii) providing translation services or (iv) jury consultant services, provided that each company involved in one or more aspects above has agreed in writing before access to such Confidential Discovery Material is given, to be bound by the terms of this by signing a copy of the Non-Disclosure Agreement;

    (e) stenographers engaged to transcribe depositions conducted in this action; and

    (f) the Court and its support personnel.

    6. To the extent a producing person's source code is discoverable in this action, it may be designated as "Confidential Source Code" and, unless the producing person agrees otherwise, shall be subject to the following additional restrictions and protections:

    (a) Source code in electronic format may be made available for inspection at the offices of the producing person's counsel in New York City. Unless the parties agree otherwise, the producing person will load its source code on a non-networked computer that is password protected and maintained in a secure, locked area, in a private room having a private landline; the non-networked computer shall not be connected to the phone line. The producing person shall ensure that the computer containing the source code will be made available for inspection during extended business hours from 8 am to 7 pm upon reasonable notice. The computer containing the source code shall be provisioned with requisite applications and/or utility software reasonably requested by the receiving party to facilitate review and analysis of the source code by the receiving party. The producing person may request that the receiving party provide a copy of and any required license for any such requested software. Use of any input/output device (e.g., USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the

computer containing the source code unless such device is necessary to view the source code and is provided by the producing person.

(b) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated source code, except as follows:

(i) Unless the parties agree otherwise, the non-networked computer shall be connected to a printer provided with pre-bates labeled paper specific to the producing person's source code. The receiving party shall be able to supply a display monitor(s) and printer to retrieve printed source code on its own. The producing person shall ensure that an adequate amount of paper is reasonably provided. To the extent possible, the receiving party shall provide the producing person with an estimate of the amount of paper necessary. Any source code to be produced from the inspection room shall be printed on watermarked paper bearing bates-numbers and the legend "Confidential Source Code." The watermark shall not obscure any portion of the printed page or otherwise impair legibility, and it shall not preclude the making of a clear and completely legible paper copy of the page after printing, as permitted below. The receiving party shall identify to the producing person the complete path and file name of each printed source code file. Unless otherwise agreed, the receiving party shall provide the printed source code to outside counsel's office who will promptly make copies of the source code and return the original to the receiving party.

(ii) Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing person as "Confidential Source Code" may not be copied, digitally imaged or otherwise duplicated, except (a) by outside counsel for the receiving party for the sole purpose of creating hard duplicate copies for retention in multiple offices of outside counsel or by the outside experts or consultants contemplated by Paragraph 8, all as necessary for the conduct of the case; and (b) in limited excerpts necessary to attach as exhibits to depositions, expert reports or court filings.

(iii) Any paper copies designated " Confidential Source Code" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts

or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location.

(d) Notwithstanding any other provision herein, "Confidential Source Code" shall not leave the geographic boundaries of the continental United States.

7. Only the following individuals shall have access to "Confidential Source Code," absent the express written consent of the producing person or further Court order:

(a) Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(b) Up to three (3) outside experts or consultants, each of which outside expert or consultant shall sign the Non-Disclosure Agreement attached to this Order and be pre-approved by the producing person, and specifically identified as eligible to access source code;

(c) The Court, the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

(d) While testifying at deposition or trial in this action:

(i) any current or former officer, director or employee of the producing person or original source of the information;

(ii) any person designated by the producing person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(iii) any person who authored, previously received, or was directly involved in the specific matter(s) addressed in the Confidential Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.

8. Persons (including without limitation outside counsel, in-house counsel, and consultants) who access Confidential Discovery Material of a technical nature that can be included or claimed in a patent application shall not, for a period of two (2) years following final resolution of this action, draft, supervise or assist in drafting or amending patent claims or patent

8

specifications directed to parallel processing computer technology related to the Confidential Discovery Material actually received from the producing person; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office that may arise as a consequence of knowledge obtained during the course of this litigation.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently

9

Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Fifth Generation Computer Corporation,

*By its attorneys,*

*/s/ Gerard P. Norton*

Gerard P. Norton (GN 9905)
Mord Michael Lewis (ML 1612)
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

International Business Machines Corporation,

*By its attorneys,*

*/s/ John M. Desmarais*

John M. Desmarais
Steven Cherny
Alan S. Kellman
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

So Ordered:

*/s/ Jed S. Rakoff*
Jed S. Rakoff, United States District Judge

Dated 8/7/09

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIFTH GENERATION COMPUTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 1:09-cv-2439 (JSR) |

### NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____          _____
Signature                                Dated