UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-17-09

| | |
|---|---|
| FIFTH GENERATION COMPUTER CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | Civil Case No. 1:09-cv-2439 (JSR) |

## JOINT STIPULATION AND PROPOSED ORDER

Fifth Generation Computer Corporation ("FGC") and International Business Machines Corporation ("IBM"), by and through their counsel of record hereby jointly stipulate as follows:

1. The Court issued an Order on September 1, 2009 construing disputed claim terms in U.S. Patent Nos. 6,000,024 and 4,860,201 ("Order"). The Order further states than "[a]n opinion giving the reasons for these ruling[s] will issue in due course."

2. In light of the Court's Order, the parties agree that judgment of noninfringement should be entered for IBM and against FGC on all counts of FGC's Complaint for Patent Infringement and Demand for Jury Trial, dated October 29, 2008, and that IBM's counterclaims should be dismissed without prejudice as moot. After the Court's issues it's opinion giving the reasons for the ruling, the parties will meet and confer as to the particular claim terms that form the basis for noninfringement. Failing a

complete agreement on those terms, IBM reserves its right to pursue motion practice for summary judgment based on additional terms also not met by the accused products in order to complete the case before appeal. But, in all events, both parties agree that the District Court action will be dismissed on the basis of noninfringement at least as to one or more terms as presently construed by the Court. FGC admits, for instance, that it cannot prove infringement of at least the term "each in a time" from U.S. Patent No. 4,860,201 as it incorporates a single clock cycle, and the term "root bus controller" from U.S. Patent No. 6,000,024 as it means the bus controller at the highest order position of the accused device that connects the binary tree to the host computer and which has no parent bus controller.

3. In light of the foregoing, this case is stayed for the time being until the Court's opinion issues explaining the reasons behind its Markman Order.

Dated: September 9, 2009

Gerard P. Norton
Fox Rothschild LLP
100 Park Avenue
Suite 1500
New York, NY 10017
(212) 878-7932

By: *Gerard P Norton*

Attorneys for Plaintiff Fifth Generation Computer Corporation

Dated: September 9, 2009

John M. Desmarais
Kirkland & Ellis LLP
Citigroup Center
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

By: *John Desmarais*

Attorneys for Defendant International Business Machines Corporation

2

SO ORDERED

Dated: 9/15/09

_____
Jed S. Rakoff U.S.D.J